```
               UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF KENTUCKY
                     COVINGTON DIVISION
```

IN RE:

SCOTT WALKER                                    CASE NO. 04-22846

DEBTOR

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon consideration for confirmation of a chapter 13 plan filed by the debtor in this action. The chapter 13 trustee has objected to confirmation of the plan asserting that the plan does not allocate an appropriate amount of common expenses of the household to the non-filing spouse. Both parties have briefed the matter and the trustee, in response to the debtor's assertions, has filed a thorough and well-reasoned response, Doc. #22, asserting that each of the parties to the marriage should pay the proportion of reasonable expenses which their income represents. The trustee calculates this to be 72% for the debtor and 28% for the non-filing spouse. The trustee then provides a thorough analysis of the reasonable expenses of the debtor to reach a conclusion that the debtor has disposable income of $1,533.00 per month, which, pursuant to 11 U.S.C. §1325 must be committed to the plan for a period long enough to liquidate the debts of the debtor or 36 months, whichever is shorter. In this calculation, the trustee has excluded luxury items such as a vacation in Hilton Head, South Carolina as being items which are not reasonably necessary to the well being of the debtor and debtor's dependents. She has further allocated to the debtor those expenses which are solely his, such as alimony and support.

The court finds that the trustee's arguments are persuasive and the allocation which she has made represents conformity with the provisions of the Bankruptcy Code where one spouse files a proceeding and the other spouse does not. Consequently, the plan is under funded by approximately $11,988.00. Accordingly, the court will allow the debtor an opportunity to amend the plan to conform with this Memorandum Opinion, failing which the court will dismiss the case for failure to propose a plan in conformity with the requirements of the Bankruptcy Code.

IT IS THEREFORE ORDERED AS FOLLOWS:

1) That the trustee's objections to the provisions of the chapter 13 plan filed by the debtor be, and the same hereby are, SUSTAINED; and

2) The debtor shall have fifteen (15) days from the date of entry of this order within which to amend the plan to conform substantially to the trustee's objections or the court will enter an order dismissing the case.

COPIES TO:

Beverly M. Burden, Esq.
Michael L. Baker, Esq.
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Friday, April 29, 2005
(wsh)**